[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  12-10367
Non-Argument Calendar

_____

D.C. Docket No. 8:11-cr-00338-SDM-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK HANKERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 4, 2012)

Before MARCUS, MARTIN and JORDAN, Circuit Judges.

PER CURIAM:

Following his guilty plea to possession of a firearm by a felon (Count 1), *see*

18 U.S.C. §§ 922(g) & 924(e), possession of 28 grams or more of cocaine base with intent to distribute (Count 2), *see* 21 U.S.C. § 841(b)(1)(B)(iii), and possession of a firearm in furtherance of a drug trafficking crime (Count 3), *see* 18 U.S.C. § 924(c), Derrick Hankerson  faced a statutory minimum sentence of 20 years' (i.e., 240 months') imprisonment on Counts 1 and 3 – a 15-year sentence on Count 1 and a consecutive 5-year sentence on Count 3.  Because Mr. Hankerson was a career offender (as well as an armed career criminal), his advisory range under the Sentencing Guidelines, with the 5-year mandatory minimum sentence for Count 3 included, was 322-387 months' imprisonment.   The district court imposed a total sentence of 360 months' imprisonment – 300 months for Counts 1 and 2, and a consecutive 60 months for Count 3 – explaining that Mr. Hankerson had a long and serious criminal past, that his current offense was an aggravated one, and that "disabling" him "appear[ed] to be about our only reasonable course . . . all other things having appeared not only ultimately to have failed, but to fail promptly and emphatically."  Mr. Hankerson appeals, arguing that the sentence was substantively unreasonable, and that the district court should have imposed a lesser sentence given his HIV-positive status and reduced life expectancy.

We review a sentence for substantive reasonableness under an abuse of discretion standard.  *See Gall v. United States,* 552 U.S. 38, 51 (2007).  Reversal is

appropriate if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey,* 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*).

On this record, the district court's sentence, which was within the advisory guideline range, was not substantively unreasonable. First, Mr. Hankerson was in Criminal History Category VI – based on 15 criminal history points – even without the career offender classification, and even though a number of his prior convictions did not lead to any criminal history points. As defense counsel acknowledged at the sentencing hearing, Mr. Hankerson's prior record was "horrible." Second, Mr. Hankerson had previously been convicted in the federal system, and had violated his term of supervised release. Third, of Mr. Hankerson's prior convictions, 6 were for firearm and narcotics offenses. Fourth, Mr. Hankerson's conduct in this case recklessly endangered the lives of others: Mr. Hankerson fled from the police in his car, struck three occupied police vehicles, and nearly hit the officers who had surrounded his car, leading one officer to discharge his weapon. Given the explanation provided by the district court, there was no abuse of discretion. *See generally United States v. Beckles,* 565 F.3d 832, 845-46 (11th Cir. 2009) (concluding

3

that 360-month sentence for armed career criminal convicted of possessing a sawed-off shotgun was not unreasonable).

We acknowledge that Mr. Hankerson is HIV-positive and that, as a result of this condition, the Social Security Administration found him to be disabled in 2011. But these facts, in light of Mr. Hankerson's criminal history and the severity of the current offenses, do not render the 360-month sentence unreasonable. The district court understood the issues relating to Mr. Hankerson's health, but its sentence was reasonable given that Mr. Hankerson had engaged in serious criminal conduct even after being diagnosed as HIV-positive in 1992. Moreover, the possibility (or likelihood) that a defendant with a decreased life expectancy may die in prison due to a lengthy sentence does not necessarily render that sentence unreasonable or constitutionally infirm. *See United States v. Watson,* 482 F.3d 269, 273 (3rd Cir. 2007) (upholding 120-month bank robbery sentence for defendant who was HIV-positive and might not live another 10 years); *United States v. Wurzinger,* 467 F.3d 649, 652-53 (7th Cir. 2006) (upholding 262-month narcotics sentence for 58-year old defendant with a life expectancy of about 23 years due to diabetes). *Cf. United States v. Yousef,* 327 F.3d 56, 163 (2nd Cir. 2003) ("Lengthy prison sentences, even those that exceed any conceivable life expectancy of a convicted defendant, do not violate the Eighth Amendment's prohibition against cruel and unusual punishment when

4

based on a proper application of the Sentencing Guidelines or statutorily mandated consecutive terms.").

AFFIRMED.